IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

       Petitioner,

v.                                                           CV 10-0943 JH/WPL

JAMES JANECKA, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

       Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Afer filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), Bayward Stone has filed a motion to dismiss the application without prejudice (Doc. 16). I recommend that the motion be granted.

### BACKGROUND

Following a jury trial in the Twelfth Judicial District Court of New Mexico, Bayward Stone was convicted of two counts of criminal sexual penetration in the second degree, eight counts of contributing to the delinquency of a minor, and three counts of conspiracy. (Doc. 14, Ex. C at 2.) Stone was sentenced to thirty four and a half years in prison. (*Id.*) On October 5, 2010, Stone filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition, Stone raises two claims for relief. He alleges that (1) he received ineffective assistance of counsel and that (2) the search and seizure leading to his arrest was illegal. (*Id.* at 6-7.)

On December 6, 2010, James Janecka and Gary King ("Defendants") filed an answer to Stone's petition. (Doc. 14.) Within the answer, Defendants argue that some of Stone's ineffective

1

assistance of counsel claims should be dismissed due to lack of exhaustion and procedural default, that the remaining ineffective assistance claims fail on the merits, that the search and seizure claim is barred from federal habeas corpus review, and that the entire petition should be dismissed with prejudice as untimely due to the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (*Id.* at 7-15 (citing 28 U.S.C. § 2244(d)(1)).) On December 7, 2010, I filed an Order giving Stone until January 6, 2011 to respond to Defendants' argument that his petition is time-barred. (Doc. 15.)

Although Stone has not responded to Defendants' arguments, he filed a motion to voluntarily dismiss his petition without prejudice on December 20, 2010. (Doc. 16.) Stone asserted that Defendants had not been contacted regarding the motion and that he assumed the motion was opposed. (*Id.* at 2.) As of this date, however, Defendants have not filed a response to Stone's motion to dismiss and the deadline for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a) ("[A] response must be served within fourteen (14) days after service of the motion . . . .").

## DISCUSSION

FED. R. CIV. P. 41(a) allows a plaintiff to voluntarily dismiss an action. Pursuant to D.N.M.LR-Civ. 7.1(b), Defendants' failure to file a timely response constitutes consent to Stone's motion to dismiss. However, FED. R. CIV. P. 41(a) provides that after an opposing party has filed an answer or a motion for summary judgment, an action must be dismissed pursuant to a court order unless all parties stipulate to dismissal. Because Defendants have filed an answer and not stipulated to dismissal, I must consider whether dismissal of Stone's petition is appropriate. The court's consent to voluntary dismissal may be conditioned on terms that the court considers proper. FED. R. CIV. P. 41(a)(2); *United States ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002).

The primary purpose of the court order requirement in FED. R. CIV. P. 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative sanctions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). Thus, "[a]bsent 'legal prejudice' to the defendant, the district court should normally grant such a dismissal." *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). Prejudice does not arise simply because "a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." *Id.* at 1124 (citation omitted). Instead, relevant factors for determining the presence of legal prejudice include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive, and "[a]ny other relevant factors" should be considered. *Id.*, *see also Brown*, 413 F.3d at 1124. However, one factor that is not relevant is the "court's time or effort spent on the case. A court abuses its discretion when denying a motion to dismiss under Rule 41(a)(2) based on its inconvenience." *Ohlander*, 114 F.3d at 1537 (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)).

Here, there is no evidence that Stone has engaged in delay or lack of diligence. He filed his motion to dismiss less than three months after filing his application for a writ of habeas corpus. Likewise, Defendants have only filed one pleading - an answer - and thus have spent minimal effort and expense up to this point in the case. Stone has explained that he wishes to pursue additional post-conviction remedies before state court. (Doc. 16 at 2.) Although returning to state court will not help Stone in his effort to overcome AEDPA's one-year statute of limitations, should he file

3

another federal habeas petition in the future,[1] he is free to seek additional relief before returning to federal court.

I see no reason why granting Stone's motion to dismiss his petition without prejudice would result in legal prejudice to Defendants. Defendants have provided no reasons as to why they might be prejudiced. Quite the opposite, their failure to respond to Stone's motion constitutes consent. Dismissal without prejudice is therefore appropriate.

## CONCLUSION

For the reasons stated above, I recommend that Stone's motion to dismiss (Doc. 16) be granted and that his petition (Doc. 1) be dismissed without prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

---

[1] Dismissing his petition now can only hurt Stone's efforts to overcome the one-year statute of limitations in AEDPA. The statute will resume running while Stone has no pending, properly filed applications for post-conviction relief or other collateral review of his underlying conviction. *See* 28 U.S.C. § 2244(d)(2).